NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-900

CHERMAINE P. DIBARTOLO, ET VIR.

VERSUS

STAGE ONE - THE HAIR SCHOOL, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-1310
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty,
Judges.

AFFIRMED.

**Thomas Allen Filo**
**Cox, Cox, Filo, Camel & Wilson, LLC**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Stage One - The Hair School, Inc.**

**Russell Joseph Stutes, Jr.**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Stage One - The Hair School, Inc.**

**Christopher S. Lacombe**
**Barry Alwin Roach**
**Larry A. Roach, Inc.**
**2917 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-8504**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Chermaine P. Dibartolo**
    **Christopher Dibartolo**

**Skylar J. Comeaux**
**Robicheaux & Collins**
**2014 W. Pinhook Road, Ste. 503**
**Lafayette, LA 70508**
**(337) 235-7888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Stage One - The Hair School, Inc.**

**EZELL, Judge.**

In this appeal, Chermaine Dibartolo and her husband, Christopher Dibartolo, appeal judgment rendered after a jury decided that she did not prove that Stage One-The Hair School caused her to fall and injure herself on the school's premises. For the following reasons, the judgment below is hereby affirmed.

On March 16, 2006, Mrs. Dibartolo was attending cosmetology classes at Stage One. She was doing practical work in a small room known as the "glass room." The room was roughly eight feet, nine inches by ten feet, seven inches. During the classwork, the room contained several students and their belongings, and was cramped, to say the least. However, this accident did not occur during class. After classes ended on that day, it was Mrs. Dibartolo's turn to clean the room. She exited and re-entered the room several times during the cleaning process without incident. However, after finishing the cleaning, she left the room to take two mannequin heads to the dryers for the next day. These mannequin heads obstructed her view, and she tripped on her own bag, falling and injuring herself. She sued Stage One, alleging that its negligence caused her fall.

Trial was held before a jury. At the conclusion of that trial, the jury was asked the following question: "1. DO YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT STAGE ONE-THE HAIR SCHOOL BREACHED THE APPLICABLE STANDARD OF CARE OWED TO CHERMAINE DIBARTOLO, AND IF SO, WAS THIS BREACH A PROXIMATE CAUSE OF CHERMAINE DIBARTOLO'S FALL?" The jury verdict sheet indicates that the jury answered "NO." The trial court entered judgment in accordance with this finding, dismissing Mrs. Dibartolo's claims against Stage One with prejudice. After a

denial of her motion for judgment notwithstanding the verdict or for new trial, Mrs.

Dibartolo filed the present appeal.

On appeal, Mrs. Dibartolo asserts three assignments of error. She claims that the jury erred in finding no defect in the room in question; in finding that an unreasonable risk of harm was not known by Stage One; and in finding the alleged defect in the room did not cause the fall. Because we find it dispositive, we will first address Mrs. Dibartolo's last assignment of error concerning cause.

The applicable standard of review for factual findings is well settled. As noted in *Peironnet v. Matador Resources Co.,* 12-2292, 12-2377, pp. 34-35 (La. 6/28/13), 144 So.3d 791, 817-18 (alterations in original)(footnotes omitted):

> In accordance with well-established law, much discretion is left to the judge or jury on determinations of fact. *Guillory v. Lee,* 09-0075, p. 14 (La.6/26/09) 16 So.3d 1104, 1116; *Wainwright v. Fontenot,* 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74.

> > [T]he reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.

> *Guillory,* 09-0075 at p. 14, 16 So.3d at 1116-17 (quoting *Perkins v. Entergy Corp.,* 00-1372 (La.3/23/01), 782 So.2d 606). An appellate court, in reviewing a jury's factual conclusions, must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Kaiser v. Hardin,* 06-2092, pp. 11-12 (La.4/11/07), 953 So.2d 802, 810; *Guillory v. Insurance Co. of North America,* 96-1084, p. 5 (La.4/8/97), 692 So.2d 1029, 1032. The issue to be resolved on review is not whether the jury was right or wrong, but whether the jury's fact finding conclusion was a reasonable one.

2

*Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.,* 283 So.2d 716, 724 (La.1973).

Notably, reasonable persons frequently disagree. *Guillory,* 09-0075 at pp. 15-16, 16 So.3d at 1117. However, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Rosell,* 549 So.2d at 844. "[W]here there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Canter,* 283 So.2d at 724.

Here, the jury was able to hear testimony from multiple competing experts, Mrs. Dibartolo, and the owners of the school, and it was shown a physical mock-up of the room in question. After all the evidence was presented, the jury found that, if any defect existed in the room at all, it was not a cause of the accident. A review of the record shows that this finding was reasonable.

The evidence supporting the jury's finding as to a lack of cause comes from the testimony of Mrs. Dibartolo herself. Mrs. Dibartolo stated that at the time of the accident, she was alone in the room. She testified that the day of the accident, she placed her bag. i.e., the object that she tripped over, by the doorway. She testified that she passed the bag without incident once when she left the room to gather the cleaning supplies, again when she returned to clean the room, a third time to return the cleaning supplies, and a fourth time to retrieve her purse and mannequin heads. On none of these occasions was the bag a hazard. However, when she passed through the door the fifth and final time, she indicated that she could not see the bag because of the manner in which she chose to carry the mannequin heads. She testified on three separate occasions at trial that she was holding the heads in such a way as to obstruct her view of where she was walking. She agreed that she was responsible for where she walked. Additionally, when

3

asked "What, if anything, do you think you could have done to prevent your fall on March 16, 2006?" Mrs. Dibartolo answered "Not having my bag in the doorway for one."

It is clear that the jury found that Mrs. Dibartolo's obstructed view caused her to trip over her own bag, where she had previously placed it. It is obvious from Mrs. Dibartolo's own testimony that the obstructed view was created by her own accord. She chose to carry the heads in such a way that she could not see the floor. Thus, it is evident from the record before this court that the jury had a reasonable factual basis for its decision that the size of the room did not cause this accident. Accordingly, that judgment is not clearly wrong and we can find no manifest error. This assignment of error is without merit.

Because we find that the record contains a reasonable factual basis for the jury's decision that neither the size nor occupancy of the room in question were a proximate cause of Mrs. Dibartolo's fall, she cannot prevail on her claims. The remaining assignments of error as to whether a defect existed are, thereby, rendered moot and need not be addressed.

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are hereby assessed against Mr. and Mrs. Dibartolo.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.